UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALBERT ANTHONY GRAYER                    CIVIL ACTION

VERSUS                                   NUMBER: 08-3833

WARDEN RANDY PINION                      SECTION: "N"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis ("IFP") by pro se plaintiff, Albert Anthony Grayer, against defendant, Warden Randy Pinion of the Tangipahoa Parish Jail. (Rec. doc. 1). Plaintiff, a state inmate who is being held on a parole violation, alleged that he has been housed in a jail dormitory designated for federal detainees in violation of his constitutional rights. (Id.). Additionally, he articulated a claim for failure to protect him from adverse action by another inmate.

After issue was joined, by order dated September 16, 2008 ("Briefing Order"), plaintiff was directed to file in the record of this proceeding, on or before October 16, 2008, a statement of the

facts expected to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses.  (Rec. doc. 7).  When plaintiff failed to respond to the Briefing Order as directed, he was ordered to show cause ("Rule to Show Cause"), in writing and on or before November 14, 2008, as to why his lawsuit should not be dismissed for failure to prosecute.  (Rec. doc. 8).  Unfortunately, plaintiff has not responded to the Rule to Show Cause as directed, nor has he provided the Court with the information required by the Briefing Order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based on the failure of the plaintiff to prosecute his case or to comply with an order of the court.  Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Lopez v. Aransas County Independent School District, 570 F.2d 541, 544-45 (5th Cir. 1978).  In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders.  Markwall v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986).  As plaintiff is proceeding pro se in this matter, the Court must

consider his action/inaction alone in considering dismissal of this case under Rule 41(b).

The Court has endeavored to take those steps that were necessary to place plaintiff's case in a proper posture to be litigated to its completion.  Unfortunately, those efforts have been thwarted by the inaction of plaintiff in responding to the Court's Briefing Order and the Rule to Show Cause.  As plaintiff is not represented by counsel in this case, these failures are attributable to him alone.  Accordingly, it will be recommended that plaintiff's lawsuit be dismissed with prejudice under Rule 41(b), Fed.R.Civ.P.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice pursuant to Rule 41(b), Fed.R.Civ.P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v.

3

<u>United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  25th  day of   November  , 2008.

```
                              _____
                                   ALMA L. CHASEZ
                              UNITED STATES MAGISTRATE JUDGE
```